IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER-EL ALKEMET SHAKUR EL-BEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACT. NO. 3:14-CV-47-WKW (WO) |
| ALFONZA MENEFEE, *et al.*, | ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the complaint (Doc. 1) filed by the *pro se* Plaintiff, Walter-EL Alkemet Shakur EL-Bey, who is proceeding *in forma pauperis*.

**I. Standard of Review**

When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

Under this standard, although the court must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S, at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal, the* Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 556 U.S. at 570.

It is true that "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), overruled on other grounds by *Iqbal*, 550 U.S. 662. A plaintiff's pro se status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (applying *Twombly* to a *pro se* complaint). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* Fed. Rule Civ. Proc. 8(e) ("All pleadings must be construed so as to do justice"). However, the leniency shown to pro se litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an

action." *GJR*, 132 F.3d at 1369 (citing Hall v. *Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)); *see also Hopkins v. Saint Lucie County School Bd.*, 399 Fed. Appx. 563, 565 (11th Cir. 2010) (unpublished) (citations omitted) ("While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings.").

## II. Discussion

In his amended complaint, EL-Bey alleges that his constitutional rights were violated on two separate occasions.

**A.     June 12, 2013 Incident at the Macon County Probate Court**

**1.      §§ 1983 and 1985 Claims Against Judge Alfonza Menefee**

EL-Bey alleges that on June 12, 2013, Macon County Probate Judge Alfonza Menefee deprived him of his constitutional rights under color of state law by preventing him from filing a request to change his name, and that Judge Menefee conspired to deprive him of his constitutional rights by causing City of Tuskegee police officers to arrest him without probable cause. *See* 42 U.S.C. §1983 (providing a civil remedy for against any person who, under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States); 42 U.S.C. § 1985 (providing a civil remedy for conspiracy to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws").

Specifically, EL-Bey alleges that, on June 12, 2013, he went to the Macon County courthouse to submit a signed request to legally change his name. (Doc. 1 p. 1). Probate Judge Alfonza Menefee refused to permit him to file the form in the probate office and tossed it back at EL-Bey. (Doc. 1 p. 1). EL-Bey began to "explain his rights" to Judge Menefee, who called for the police. (Doc. 1 p. 1). A security guard then escorted EL-Bey out of the courthouse. (Doc. 1 p. 1). EL-Bey crossed the street, where he found a Macon County Deputy Sheriff to whom he explained that Judge Menefee had refused to allow him to file a request for a name change and had him removed from the courthouse. (Doc. 1-1 p. 1). The deputy sheriff escorted EL-Bey back to the courthouse and spoke to Judge Menefee on EL-Bey's behalf, but Judge Menefee "refused the deputy also." (Doc. 1-1 p. 1). The deputy sheriff then told EL-Bey that he was free to leave, but, upon leaving the courthouse, EL-Bey was "ambushed" by City of Tuskegee Police officers who arrested him. (Doc. 1-1 p. 1). EL-Bey protested that he was a "Moor and a sovereign citizen." (Doc. 1-1 p. 1). As he was being arrested, the police officers told him to put his hands behind his back "like you pray, you know how you pray." (Doc. 1-1 p. 1).

Because the basis upon which Judge Menefee allegedly refused to allow EL-Bey to file his request for a name change and called police was not clear from the face of the complaint, the court held a status conference on February 28, 2014 to determine if EL-Bey could allege additional facts to sufficient state a claim against Judge Menefee. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (holding that, even if leave to amend has

5

not been requested by a *pro se* plaintiff, "[§]1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed. R. Civ. P. 15"); *see also Schmitt v. U.S. Office of Pers. Mgmt.*, 403 Fed. Appx. 460, 462 (11th Cir. 2010) (holding that, "[w]here it appears that a more carefully drafted complaint might state a claim, the district court should give a *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it" with prejudice (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)).

At the status conference, EL-Bey alleged that Judge Menefee did not allow him to file a request to change his name because EL-Bey was a member of a religion[1] with which Judge Menefee did not agree. Specifically, according to EL-Bey, Judge Menefee commented on EL-Bey's religion when refusing to allow him to file the request. EL-Bey asked, "Why are you bringing my religion into this?" Judge Menefee replied, "I don't want to see this [form]. Take it to the pastor."

In light of the substance of EL-Bey's allegations and the principles of judicial immunity, the court considered whether to dismiss EL-Bey's §§ 1983 and 1985 claims against Judge Menefee pursuant to 28 U.S.C. §1915(e)(2)(B), but the court is unable to conclude at this time that EL-Bey is incapable of stating a claim upon which relief can be granted or that those claims are barred by judicial immunity. Thus, the case should proceed

---

[1] The allegations of the complaint indicate that EL-Bey considers himself to be a "Moor" and is an adherent of Islam or of a religion derived from Islam.

on EL-Bey's claims against Judge Menefee.

**2.     Claims Against Walter Hill and Tuskegee University**

EL-Bey appears to allege in his complaint that Walter Hill and Tuskegee University were somehow complicit in Judge Menefee's actions during the June 12, 2013, incident at the Macon County Probate Court.  (Doc. 1-1 p. 1).  However, the complaint contains no specific allegations from which it could reasonably be concluded that Walter Hill and Tuskegee University had any connection to the alleged events of June 12, 2013, and EL-Bey did not articulate any such facts at the February 28, 2013, status conference.  Accordingly, the court concludes that all claims against Walter Hill and Tuskegee University arising out of the June 12, 2013, incident at the Macon County courthouse are due to be dismissed pursuant to 28 U.S.C.A. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief can be granted.  *See Iqbal*, 556 U.S. at 678 (holding that, to state a claim upon which relief can be granted, the complaint must contain factual content sufficient to "allow . . . the reasonable inference that the defendant is liable for the misconduct alleged").

**B.     June 18, 2013 Incident at Tuskeegee University**

**1.     Section 1983 Claims Against Tuskegee University**

EL-Bey alleges that, on June 18, 2013, Tuskegee University, acting through its campus police officers, deprived him of his Fourth Amendment rights under color of state law by arresting him without probable cause and subjecting him to excessive force.  At this time, the court is unable to determine whether Tuskegee University functions as a state entity

or a private entity for purposes of determining whether it may be held liable under § 1983 in this case. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").

Thus, the case should proceed on EL-Bey's § 1983 claims against Tuskegee University that arise out of the alleged June 18, 2013 incident.

**2.    Section 1983 and 1985 Claims Against Walter Hill**

EL-Bey alleges that on June 18, 2013, Walter Hill, acting as Provost at Tuskegee University, deprived him of his constitutional rights under color of state law or conspired to deprive him of his constitutional rights by causing Tuskegee University police officers to arrest him without probable cause while subjecting him to excessive force. *See* 42 U.S.C. §1983; 42 U.S.C. § 1985.

To state a claim upon which relief can be granted, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint does not contain any factual allegations upon which it can reasonably be inferred that Defendant Walter Hill had anything to do with the alleged incidents of June 18, 2013. Accordingly, on February 28, 2014, the court held a status conference in this case to determine if EL-Bey could allege additional facts to state a claim against Walter Hill. At the status conference, EL-Bey explained that, on other occasions, Hill allegedly treated him rudely and unfairly. Based on the fact of their contentious relationship, EL-Bey believed that Hill had directed persons in the bursar's office

8

to have him arrested and mistreated by police; however, EL-Bey had not personally witnessed Hill delivering instructions to anyone to have him arrested or mistreated by police, nor had anyone informed him that the instructions came from Hill.

Therefore, the court concludes that EL-Bay cannot allege specific "factual content that allows the court to draw the reasonable inference that [Defendant Hill] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint fails to state a claim against Hill, and any opportunity to amend the complaint with respect to those claims would be futile. Accordingly, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), EL-Bey's claims against Walter Hill are due to be dismissed for failure to state a claim upon which relief can be granted.

### III. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge

1. that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), all claims against Walter Hill be dismissed with prejudice for failure to state a claim upon which relief can be granted;

2. that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), all claims against Tuskegee University arising out of the June 12, 2013, incident at the Macon County courthouse be dismissed with prejudice for failure to state a claim upon which relief can be granted; and

3. that, following dismissal of those claims, this case be referred back to the Magistrate Judge to proceed on (1) EL-Bey's claims against Judge Alfonza Menefee and (2) EL-

Bey's claims against Tuskegee University that arise out of the June 18, 2013 arrest at the bursar's office. It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 24, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of April, 2014.

           /s/Charles S. Coody
           CHARLES S. COODY
           UNITED STATES MAGISTRATE JUDGE