IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER-EL ALKEMET SHAKUR EL-BEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACT. NO.  3:14-CV-47-WKW (WO) |
| ALFONZA MENEFEE, *et al.*, | ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendant Alfonza Menefee's motion to dismiss the original complaint or, in the alternative, motion for more definite statement. (Doc. 29).

On August 1, 2014, Plaintiff Walter-EL Alkemet Shakur EL-Bey filed an amended complaint (Doc. 40), which supersedes the original complaint. *See Riley v. Fairbanks Capital Corp.*, 222 Fed. Appx. 897, 888 (11th Cir. 2007) (applying the rule that an amended complaint supersedes the original complaint to a *pro se* complaint filed pursuant to the order of a magistrate judge requiring the plaintiff to state her claims with sufficient particularity).

Accordingly, it is the **RECOMMENDATION OF THE MAGISTRATE JUDGE** that Defendant Alfonza Menefee's motion to dismiss the original complaint or, in the alternative, motion for more definite statement (Doc. 29) be **denied as moot.**

It is further

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **August 19, 2014.**  Any objections filed must specifically identify the findings in

the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*; see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of August, 2014.

                                          /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE