IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER-EL ALKEMET SHAKUR EL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  3:14cv47-WKW |
| | ) | (WO) |
| ALFONZA MENEFEE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

In his complaint, *pro se* plaintiff Walter-El Alkemet Shakur EL-Bey ("EL-Bey") alleges that his constitutional rights were violated when Macon County Probate Judge Alfonza Menefee ("Judge Menefee") refused to allow him to file a petition to change his name.  According to EL-Bey, Judge Menefee refused to accept his name change petition of EL-Bey's religion.   The sole remaining defendant in this matter is Judge Menefee.[1]

EL-Bey seeks monetary damages against Judge Menefee, but does not seek injunctive or declaratory relief.  (Doc. # 40 at 5).  The court has jurisdiction of his claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331.

Now  pending  before  the  court  are  the  plaintiff's  motion  for  default

---

[1]  EL-Bey also filed claims against Tuskegee University which arise out of a separate event that occurred on a different day on the Tuskegee University campus.  EL-Bey's claims against Tuskegee University have been resolved and are not relevant to this Recommendation.

judgment/judgment as a matter of law (doc. # 75) and the defendant's motion for summary judgment (doc. # 76).  The plaintiff has filed a response in opposition to the motion for summary judgment (doc. # 86) and the defendant has filed a response in opposition to the motion for default judgment (doc. # 87).  After careful review of the motions, the briefs filed in support of and in opposition to the motions, and the supporting and opposing evidentiary materials, the court concludes that the plaintiff's motion for default judgment should be DENIED, the defendant's motion for summary judgment should be GRANTED, and this case should be DISMISSED with prejudice.

## II.  THE SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][2] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine [dispute] as to any material fact and that the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its

---

[2] Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination."  FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

2

motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof.  *Id.* at 322-324.

Once the defendant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").  A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in his favor.  *Greenberg*, 498 F.3d at 1263.

To survive the defendant's properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" establishing a violation of his constitutional rights.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If

the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*.  Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary

judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, *see Hughes v. Rowe*, 449 U.S. 5 (1980), a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Moreover, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action."  *GJR*, 132 F.3d at

1369.  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

### III.  FACTS[3]

On December 6, 2013[4], Walter Earl Topps took a completed, signed, notarized petition to change his name to Walter-El Alkemet Shakur EL-Bey to the Macon County Courthouse.  (Doc. # 40 at 3, ¶ 6).  EL-Bey presented his petition to Julie Bufford ("Bufford"), a clerk in the Macon County Probate Office.  (Doc. # 77, Ex. C at 2, ¶ 6). Because Bufford did not recognize the name change petition as a form from the Macon County Probate Office, Bufford directed EL-Bey to the Clerk of the Court for the Circuit Court of Macon County.  (*Id*. at ¶ 9).

EL-Bey returned from the Circuit Clerk's Office visibly upset.  (*Id*. at ¶ 12). At that time, Chief Probate Clerk Dierdre Harkless ("Harkless") approached EL-Bey and asked if she could be of assistance.  (Doc. # 77, Ex. B at 1, ¶ 6).  Harkless examined EL-Bey's papers and determined that he was seeking to change his name.  (*Id*. at ¶ 11).  Harkless

---

[3]  At this stage of the proceedings, this court takes the facts alleged by EL-Bey as the non-movant as true and construes them in the light most favorable to him.  *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party" and 'resolve all reasonable doubts about the facts in favor of the nonmovant.'  Moreover, the court must avoid weighing conflicting evidence or making credibility determinations.  Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'").  Thus, the facts set forth herein are drafted relying on the undisputed facts and construing the facts in the light most favorable to the non-moving party, EL-Bey.

[4]  In his original complaint, EL-Bey stated that the incident occurred on "06 12 13," (Doc. # 1 at 1), which the court interpreted as June 12, 2013.  In his amended complaint, EL-Bey states that "06 12 13 was meant to be read as day, month, year, and not to be construed as June 12 2013."  (Doc. # 40 at 3, ¶ 6).

explained to EL-Bey the procedure for securing a name change and the appropriate form to use to petition for a name change. (*Id*. at ¶ 12). According to Harkless, EL-Bey "demanded that [the Probate Court] accept his paperwork and immediately give him some type of confirmation that his name had been legally changed." (*Id*. at ¶ 15).

Harkless was returning his papers to EL-Bey when Judge Menefee entered the office.[5] (*Id*. at ¶ 19). Judge Menefee attempted to speak to EL-Bey about his petition. (Doc. # 77, Ex. A at 3, ¶ 16). According to Judge Menefee, EL-Bey "reacted with hostility towards me and began shouting at me that I was violating his constitutional rights." (Doc. # 77, Ex. A at 3, ¶ 18). Judge Menefee became concerned for his safety and the safety of his staff and courthouse security was contacted to escort EL-Bey from the courthouse.[6]

To date, EL-Bey has not filed a petition to change his name.

---

[5] In his complaint, EL-Bey does not describe where his interaction with Judge Menefee occurred. In opposition to the motion for summary judgment, EL-Bey asserts that "Judge Menefee was at his desk in the office of the probate court" when he arrived at the Probate Court. (Doc. # 86 at 3, ¶ 2). According to EL-Bey, while in his office, Judge Menefee remarked that EL-Bey needed to take the petition "to a pastor." (Doc. # 86, Ex. A at 3, ¶ 4). EL-Bey responded that he wanted his form notarized, and he returned to the common area. (Doc. # 86 at 3, ¶ 5). EL-Bey asserts that Bufford then notarized his form. (*Id*.) EL-Bey asked Harkness to file the petition. (*Id*. at ¶ 6). She declined to do so. (*Id*. at ¶ 7). The only evidence EL-Bey filed in support of his version of the facts, is Judge Menefee's affidavit that was submitted in support of his motion to dismiss. Judge Menefee's affidavit does not support EL-Bey's recitation of the facts.

However, this dispute is not material because the parties agree that EL-Bey and Menefee had at least a brief encounter regarding El'Bey's petition to change his name; where and when that encounter occurred is immaterial to the resolution of the motion for summary judgment.

[6] In his affidavit in support of his motion to dismiss, Judge Menefee indicated that he called security. (Doc. # 86, Ex. A at 2, ¶ 11). In his affidavit in support of his motion for summary judgment, Judge Menefee asserts that "[o]ne of my clerks alerted security of the situation." (Doc. # 77, Ex. A at 3, ¶ 22). Gennie Tyson, a probate clerk for Macon County, asserts that she "pushed the panic button which automatically calls courthouse security." (Doc. # 86, Ex. D at 3, ¶ 27). Regardless of who notified security, it is undisputed that as a result of EL-Bey's conduct in the Probate Office, security was called and he was escorted out of the office.

## IV. DISCUSSION

Liberally construing his claims, EL-Bey alleges that, after discovering and objecting to the religious basis of his name change petition, and while acting under color of state law, Judge Menefee deprived him of his constitutional rights to equal protection, due process, and the free exercise of religion by preventing the filing of his petition to change his name. Judge Menefee asserts that he is entitled to summary judgment because EL-Bey cannot demonstrate a violation of his constitutional rights, or that Judge Menefee violated clearly established law.  Finally, Judge Menefee asserts that he is entitled to qualified immunity. The court pretermits discussion of the defendant's specific arguments because the court concludes that Judge Menefee is entitled to judgment as a matter of law.

**A.  *Equal Protection Claim*.**  Under the Equal Protection Clause of the Fourteenth Amendment, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. AMEND. XIV § 1.  Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike."  *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  Thus, in order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest such as race, religion or national origin.  *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001);  *Damiano v. Florida Parole & Probation*

*Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . .   Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences.  It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991).  Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than against instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient.  *GJR Inv., Inc. v. County of Escambia,* 132 F.3d 1359, 1367-68 (11th Cir. 1998); *Coon v. Ga. Pac. Corp.,* 829 F.2d 1563, 1569 (11th Cir. 1987).

Because this case is before the court on a properly supported motion for summary judgment from the defendant, EL-Bey bears the burden of producing evidence which would be admissible at trial sufficient to show that the actions of Judge Menefee resulted from intentional discrimination due to EL-Bey's religion. *Celotex*, 477 U.S. at 322-324; *Waddell*, 276 F.3d at 1279.  The plaintiff cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment nor is "[t]he mere existence of a scintilla of evidence

in support of [his] position" sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252; *Waddell*, 276 F.3d at 1279 (conclusory allegations based solely on subjective beliefs are insufficient to oppose summary judgment). Instead, the law is clear that the plaintiff must present significant probative evidence of intentional discrimination to preclude summary judgment in favor of the defendant. *Anderson*, 477 U.S. at 249. This EL-Bey has failed to do.

In opposition to summary judgment, El-Bey argues, in a conclusory fashion, that "Judge Menefee should have been aware that is (sic) actions violated Mr. EL-Bey's constitutional rights to due process, equal protection, and the free exercise of religion." (Doc. # 86 at 2). Although the record clearly establishes that EL-Bey sought to change his name for religious reasons, El-Bey has not presented the court with any evidence from which a reasonable jury could conclude that Judge Menefee refused his petition because of EL-Bey's religion. *See e.g., Mencer v. Hammonds,* 134 F.3d 1066, 1069 (11th Cir. 1998) (holding that a government actor cannot violate a plaintiff's equal protection rights unless the defendant has the intent to discriminate); *Parks v. City of Warner Robins, Ga.*, 43 F.3d 609, 616 (11th Cir. 1995) ("[P]roof of discriminatory intent or purpose is a necessary prerequisite to any Equal Protection Clause claim.").

The plaintiff's allegations rest on supposition, and he has utterly and completely failed to present any evidence, significantly probative or otherwise, that his religion was a motivating factor in the actions of Judge Menefee. Other than the plaintiff's vague assertion

that Judge Menefee violated his equal protection rights, the record is devoid of admissible evidence that the defendant acted in an intentionally discriminatory manner against EL-Bey. The plaintiff does not identify any other similarly situated person who was treated differently because of his religion, or who sought to have his name changed for religious reasons, and was permitted to do so by Judge Menefee.  He presents no facts from which the court could conclude he was similarly situated to any other person.  The plaintiff does not point to any evidence that suggests that Judge Menefee's refusal to accept his petition to change his name for filing was the result of intentional discrimination.  EL-Bey's unsworn reply is simply insufficient to defeat the defendant's motion for summary judgment.  In the absence of proof indicating that the plaintiff was similarly situated to other persons, that he was treated differently because of his religion, or that the conduct of Judge Menefee was intentionally discriminatory, the defendant is entitled to summary judgment as a matter of law on the plaintiff's equal protection claim.

   **B.    *Due Process and Free Exercise of Religion Claims*.**  The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. XIV, § 1.  The First Amendment of the United States Constitution provides that

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition

the Government for a redress of grievances.

U.S. CONST. AMEND. I.

The plaintiff alleges that his First Amendment right to freely exercise his religion has somehow been infringed upon by Judge Menefee's actions, and he has been deprived of due process of law. The factual bases of the plaintiff's claims are not at all clear.

In opposition to summary judgment, EL-Bey alleges no facts and makes no argument in his brief regarding these claims. He does not point to or otherwise provide the court with any evidence to substantiate a due process violation or an infringement of his right to practice his religion. His brief does not contain a discussion of any legal authority in support of these claims. Simply reciting legal phrases is insufficient as a matter of law to preclude summary judgment. The plaintiff did not submit any affirmative evidence demonstrating that there exists any genuine dispute of material fact. Unfortunately for the plaintiff, it is not the court's function to distill every generality into a cogent, adversarial argument. The onus is on the party opposing summary judgment to submit affirmative evidence demonstrating that there exists a genuine dispute of material fact regarding an essential element of the claim. *Celotex,* 477 U.S. at 322. The plaintiff must go beyond the pleadings and "designate 'specific facts' showing that there is a genuine issue for trial." *Id*. at 324. *See also Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (concluding that a district court "could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground

for summary judgment."). Grounds alleged in the complaint but not relied upon in responding to a motion for summary judgment are deemed abandoned. *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the court concludes that EL-Bey has abandoned these claims.

**C.    EL-Bey's Motion for Default Judgment/Judgment as a Matter of Law**. On May 11, 2015, El-Bey filed a "Motion for Default Judgment/Judgment as a Matter of Law." (Doc. # 75). A plaintiff may seek a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *See* FED.R.CIV.P. 55(a). El-Bey is not entitled to a default judgment because the defendant has actively defended the claims against him. Consequently, EL-Bey's motion for default judgment (doc. # 75) is due to be denied.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1)    That the plaintiff's motion for default judgement/judgment as a matter of law (doc. # 75) be DENIED;

(2)    That the defendant's motion for summary judgment (doc. # 76) be GRANTED and this case be DISMISSED with prejudice; and

(3)    That costs be taxed against the plaintiff.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on

13

or before **August 31, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of August, 2015.


    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

14